# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA

|  |  |  |
|---|---|---|
| **MAYDAY HEALTH** and **NANCY TURBAK BERRY,** | * * * * | |
| *Plaintiffs,* | * * | 4:26-cv-04096-CCT |
| v. | * * | |
| **LARRY R. RHODEN,** Governor for the State of South Dakota, and **MARTY J. JACKLEY,** Attorney General for the State of South Dakota, in their official capacities, | * * * * * | |
| *Defendants.* | * * | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS TURBAK BERRY CLAIMS

Defendants Larry R. Rhoden and Marty J. Jackley, by and through their counsel Amanda J. Miiller, Grant M. Flynn, Jacob R. Dempsey and Paul S. Swedlund hereby file this motion to dismiss. Plaintiff Nancy Turbak Berry alleges that SDCL 22-17-5.3 (effective July 1, 2026) is unconstitutional because she is "deterred from wearing [a Mayday] sweatshirt" bearing a message about the availability of abortion pills "in all 50 states" from Mayday's website address. DOCKET 1 at ¶¶ 34, 38; DOCKET 6 at ¶¶ 4, 5. Because the statute on its face does not criminalize simply "wearing [a] Mayday Health sweatshirt," Turbak Berry's claims should be dismissed for lack of standing and for failure to state a claim for which relief may be granted. Fed.R.Civ.P. 12(b)(1), (6).

## ARGUMENT

According to Webster's Dictionary, "advertise" in the general sense means "to make the public aware of (something or someone) especially by means of a published or broadcast notice" and in the transactional sense means "to present (something or oneself) to the public in a way that is intended to attract customers." www.merriam-webster.com/dictionary/advertise. Because SDCL 22-17-5.3 criminalizes only the latter and not the former, the statute does not apply to

Turbak Berry.  Consequently, Turbak Berry lacks standing to challenge the statute and has failed to state a claim as a matter of law.

Challenges to a statute on First Amendment grounds must be based on "realistic scenarios" that the law will suppress or deter protected expression.  *Students for Life v. Jackley,* 746 F.Supp.3d 668, 688 (D.S.D. 2024), quoting *Harrington v. Strong,* 363 F.Supp.3d 984, 1004 (D.Neb. 2019). Interpreting or applying SDCL 22-17-5.3 to criminalize Turbak Berry's simple "wearing [of her] Mayday Health sweatshirt" is facially unrealistic.  DOCKET 6 at ¶5.

Turbak Berry's claims rest on the erroneous premise that SDCL 22-17-5.3 uses "advertise" in a general rather than transactional sense. When the context in which a word appears in a statute reflects a specialized as opposed to general meaning, the specialized meaning governs the statute's scope and reach.  *United States v. Hansen,* 599 U.S. 762, 771-773 (2023)(applying "encourage" and "induce" as terms of art rather than in a general sense to sustain federal immigration solicitation statute against First Amendment challenge).  Thus, in *U.S. v. Williams,* 553 U.S. 285, 294-295, 299 (2008), the court stated that defining the term "advertises" required "reading . . . the term in [the] context" of a statute which criminalized "offers to provide or requests to obtain" certain virtual child pornography.  In the statute's context of prohibiting conduct in furtherance of an illegal transaction, *Williams* defined "advertises" to mean "recommending purported child pornography to another person for his acquisition."  *Williams,* 552 U.S. at 294-295.

Here SDCL 22-17-5.3 is limited to "advertis[ing]" in connection with providing "drug[s]" "for purposes of an unlawful abortion" or "for producing an abortion" in South Dakota.  Thus, as in *Williams,* "advertise" is used in SDCL 22-17-5.3 in the transactional sense of "attracting customers" or "recommending [abortion pills] to another person for h[er] acquisition." www.merriam-webster.com/dictionary/advertise; *Williams,* 552 U.S. at 294-295.  Turbak Berry is

not wearing her Mayday sweatshirt to "attract customers" or consummate a woman's "acquisition" of abortion pills for the obvious reason that she is not in the position to sell or supply abortion pills to anyone.  Turbak Berry is merely expressing a "dissident" message that abortion drugs should be available and legal "in all 50 states." DOCKET 1 at ¶ 34.  Thus, Turbak Berry's mere wearing of her Mayday sweatshirt is not in connection with transactional activity and, therefore, may not be and would not be prosecuted under SDCL 22-17-5.3.  Turbak Berry's standing and claim do not pass the test that "a law's unconstitutional applications must be realistic, not fanciful." *Hansen,* 599 U.S. at 770.

Turbak Berry's claims fail this test because SDCL 22-17-5.3 facially requires more than passive expression to satisfy the requisite criminal scienter.  For criminal liability to attach to mere abortion pill talk, the words must be used with "the intention as respects the effect to be produced." *Hansen,* 599 U.S. at 771, quoting *Hicks v. United States,* 150 U.S. 441, 449 (1893).  The "effect" in question here is intent to procure pills to induce an abortion in South Dakota.  For example, *United States v. Arthur,* 160 F.4th 597, 607 (4th Cir. 2025), held that teaching how to make explosives is First Amendment protected, but teaching a person to make explosives *knowing* they intend to use that knowledge to harm someone is not.  Thus, *Arthur* permits a person to wear a *The Anarchist Cookbook* T-shirt so long as passive advocacy for bomb making stops short of actively instructing someone on how to build a bomb for the purpose of harming someone:



Consistent with *Arthur,* SDCL 22-17-5.3 proscribes only speech that crosses the boundary between "mere advocacy" and "inciting or producing imminent lawless action." *Brandenburg v. Ohio,* 395 U.S. 444, 447-449 (1969). In other words, advocating for abortion pills and facilitating pill transactions for the purpose of an abortion in South Dakota are two different things.

Thus, *Conant v. Walters,* 309 F.3d 629 (9ᵗʰ Cir. 2002), ruled that the First Amendment protected physicians who recommended marijuana as a palliative to HIV and AIDS patients. These "recommendations" did not in any way enable patients to obtain marijuana. Indeed, *Conant* found the recommendations protected because they were not "intend[ed] for the patient to use . . . as a means for obtaining marijuana, as a prescription is used as a means for a patient to obtain a controlled substance." *Conant,* 309 F.3d at 635. If mere marijuana use recommendations were a means to obtain marijuana, then "a physician would be guilty of aiding and abetting the violation of federal law." *Conant,* 309 F.3d at 635. But they are not. So, in other words, medical advice to try marijuana is not illegal, but furnishing the means to obtain it is. *Conant,* 309 F.3d at 635. Turbak Berry's sweatshirt recommends but doesn't furnish means.

Likewise, in *United States v. Al-Timimi,* 2026 WL 71062 (4ᵗʰ Cir.), the court found that Al-Timimi's recruitment speeches, which simply exhorted others to train for *jihad,* were not prosecutable "without any recommendation as to how or when" specific illegal acts might be performed. *Al-Timimi,* 2026 WL 71062 at *7-*9. Turbak Berry's sweatshirt exhorts but does not itself further a specific illegal act. As in *Williams, Conant* and *Al-Timimi,* the verb "advertise" here cannot be read apart from the transactional context in which it appears. As in *Williams,* "[t]o run afoul of [SDCL 22-17-5.3] the speech [must] accompany or seek to induce the transfer of [abortion pills] from one person to another." *Williams,* 552 U.S. at 295. To paraphrase *Williams,* advertise "does not refer to abstract advocacy, such as the statement 'I believe that [abortion pills] should

4

be legal' or even 'I encourage you to obtain [abortion pills].' It refers to the recommendation of a particular [abortion pill] with the intent of initiating a transfer." *Williams,* 552 U.S. at 300.

Thus, as applied to Turbak Berry, this means that so long as she "advertises" in the general sense of simply publishing her beliefs about abortion pill access via a message on her apparel, SDCL 22-17-5.3 does not even apply to her and she can fearlessly wear her Mayday sweatshirt with all the blessings and protections the First Amendment allows. However, if she were to provide abortion pills to a woman while wearing her Mayday sweatshirt, the First Amendment protection her sweatshirt enjoys would not insulate her from criminal liability for the prohibited act of supplying an abortion "drug." *Arthur,* 160 F.4th at 607.

## CONCLUSION

SDCL 22-17-5.3 does not reach passive expression like wearing a sweatshirt bearing a pro-abortion pill message. This should be apparent to anyone from simply reading the statute. Turbak Berry's claims are just a tactic to discredit the statute and sensationalize plaintiffs' complaint by arguing that it applies in some trivial or "fanciful" way that it plainly does not. Because Turbak Berry's claims are not "realistic," she fails to allege proper standing or a claim for which relief may be granted.

Dated this 12th day of June 2026.

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**

*Paul S. Swedlund*

Paul S. Swedlund
SOLICITOR GENERAL
Amanda J. Miiller
DEPUTY ATTORNEY GENERAL
Grant M. Flynn
Jacob R. Dempsey
ASSISTANT ATTORNEYS GENERAL
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone: 605-773-3215
paul.swedlund@state.sd.us