UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

MAYDAY HEALTH and NANCY TURBAK )
BERRY,                          )
                                )
        Plaintiffs,             )
                                )              4:24-CV-04096-CCT
                                )
v.                              )
                                )                  ANSWER
                                )
LARRY R. RHODEN, Governor for the )
State of South Dakota, and MARTY J. )
JACKLEY, Attorney General for the )
State of South Dakota, in their   )
official capacities,              )
                                  )
        Defendants.

COMES NOW, Governor Larry Rhoden and Attorney General Marty

Jackley (hereinafter Defendants), by and through their undersigned counsel,

Amanda Miiller, Deputy Attorney General, and for their Answer to Plaintiffs'

Complaint state and allege as follows:

**DEFENSES**

**First Affirmative Defense – Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense – Lack of Standing**

Plaintiffs lack standing because they have not suffered an injury in fact, and

any alleged injury is speculative and not traceable to Defendants' conduct.

More specifically, Mayday Health has already agreed not to advertise abortion

pills in the State of South Dakota.

**Third Affirmative Defense – No First Amendment Violation**

1

House Bill 1274 permissibly regulates unprotected or unlawful commercial speech, including advertising that promotes illegal activity. The statute satisfies all applicable constitutional standards.

**Fourth Affirmative Defense – Lawful Regulation of Conduct**

The statute regulates conduct—not protected speech—and any incidental impact on expression is constitutionally permissible.

**Fifth Affirmative Defense – Overbreadth and Vagueness Denied**

The statute is neither overbroad nor vague and provides clear notice of prohibited conduct.

**Sixth Affirmative Defense – Sovereign Immunity**

To the extent applicable, Defendants are entitled to sovereign immunity.

**Seventh Affirmative Defense – No Irreparable Harm**

Plaintiffs cannot demonstrate irreparable harm, a prerequisite for injunctive relief.

**Eighth Affirmative Defense – Adequate Remedy at Law**

Plaintiffs have adequate remedies at law, precluding equitable relief.

**Ninth Affirmative Defense – Plaintiff Outside Scope of Statute**

Plaintiff Turbak Berry's alleged conduct does not fall within the scope of House Bill 1274, and therefore she cannot establish any credible threat of enforcement.

**Tenth Affirmative Defense – Good Faith Enforcement**

Defendants act in good faith in enforcing duly enacted state law.

## ANSWER

Defendants hereby deny each and every thing, matter, and allegation contained within Plaintiff's Complaint except that which is hereinafter specifically admitted.

The section entitled "Nature of the Case" does not plead a factual allegation that requires a response.  To the extent a response is required: 1) Defendants deny that Plaintiffs are entitled to any relief whatsoever; and 2) Defendants admit only that Plaintiffs purport to bring a constitutional challenge and an affirmative claim under the Communications Decency Act but deny that any of Plaintiffs' constitutional rights or any laws have been violated.

1. Defendants admit paragraph 1.

2. Defendants admit paragraph 2.

3. Defendants admit in paragraph 3 they are the Governor and Attorney General responsible for enforcement of HB 1274 and deny any liability for the claims alleged in their official capacities.

4. Defendants admit in paragraph 4 that Plaintiffs bring this action and that this Court has jurisdiction.

5. Defendants lack knowledge or information sufficient to form a belief about the truth in paragraph 5 about the founding of Mayday and its website.  Defendants deny the remaining allegations.

6. Defendants deny paragraph 6.

7. Defendants deny paragraph 7.

8. Defendants admit paragraph 8.

9. Defendants admit in paragraph 9 that Mayday placed advertisements in South Dakota but object to and deny the characterization of the remaining allegations

10. Defendants admit paragraph 10.

11. Defendants admit in paragraph 11 that Mayday responded but object to and deny the characterization of the remaining allegations.

12. Defendants admit paragraph 12.

13. Defendants admit paragraph 13.

14. Defendants admit paragraph 14.

15. Defendants admit paragraph 15.

16. Defendants admit paragraph 16.

17. Defendants admit paragraph 17.

18. Defendants admit paragraph 18.

19. Defendants admit paragraph 19 but object to and deny the characterization that the placards were the only basis for the conclusion that Mayday engages in criminal solicitation.

20. Defendants admit paragraph 20.

21. Defendants admit paragraph 21.

22. Defendants admit the statements made by Attorney General Jackley in paragraph 22 but object to and deny the context in which they are used.

23. Defendants admit paragraph 23.

24.   Defendants admit paragraph 24.

25.   Defendants admit in paragraph 25 that the federal court dismissed Mayday's case based on *Younger* abstention.  Defendants admit that the judge commented on the merits of the case and object to this Court's consideration of these comments because the case was not properly before that court.

26.   Defendants admit in paragraph 26 that the federal court lacked jurisdiction over the case.  Defendants admit that the judge commented on the merits of the case and object to this Court's consideration of these comments because the case was not properly before that court.

27.   Defendants admit the majority of paragraph 27 but deny that Mayday's speech is protected.

28.   Defendants admit paragraph 28 but deny the characterization that the "Legislature strikes back."

29.   Defendants admit paragraph 29.

30.   Defendants deny paragraph 30.  HB 1274 is based on language, and specifically quotes, from the Federal Comstock Act which was enacted long before Mayday's actions.

31.   Defendants admit paragraph 31.

32.   Defendants deny paragraph 32.

33.   Defendants deny paragraph 33.

34.   Defendants lack knowledge or information sufficient to form a belief about the truth the allegation contained in paragraph 34.

35.   Defendants admit to paragraph 35 but object to and deny the characterization that they are the same.

36.   Defendants deny paragraph 36.

37.   Defendants deny paragraph 37.

38.   Defendants deny paragraph 38.

39.   Paragraph 39 requires no response.

40.   Defendants deny paragraph 40.

41.   Paragraph 41 requires no response.

42.   Defendants admit in paragraph 42 that the advertisements placed within South Dakota's borders were advertisements.  Defendants deny that Turbak's wearing of a sweatshirt is an "advertisement."

43.   Defendants deny paragraph 43.

44.   Paragraph 44 requires no response.

45.   Defendants lack knowledge or information sufficient to form a belief about the truth the allegation contained in paragraph 45.

46.   Defendants admit paragraph 46.

47.   Defendants deny paragraph 47.

48.   Defendants admit paragraph 48.

49.   Defendants deny paragraph 49.

50.   Defendants deny paragraph 50.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss the Complaint with prejudice;

2. Deny all requested declaratory and injunctive relief;

3. Award Defendants their costs and attorneys' fees as permitted by law; and

4. Grant such other and further relief as the Court deems just and proper.

Dated this 20th day of June, 2026.

/s/ *Amanda Miiller*
Amanda Miiller
Deputy Attorney General
Office of the Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Email: amanda.miiller@state.sd.us

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Amanda Miiller
By: Amanda Miiller
Deputy Attorney General