# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA

|  |  |  |
|---|---|---|
| **MAYDAY HEALTH** and **NANCY TURBAK BERRY,** | * * * * | |
| *Plaintiffs,* | * * | 4:26-cv-04096-CCT |
| v. | * * | |
| **LARRY R. RHODEN,** Governor for the State of South Dakota, and **MARTY J. JACKLEY,** Attorney General for the State of South Dakota, in their official capacities, | * * * * * | |
| *Defendants.* | * * | |

## RESPONSE TO MOTION TO STRIKE

Defendants Larry R. Rhoden and Marty J. Jackley, by and through their counsel Amanda J. Miiller, Grant M. Flynn, Jacob R. Dempsey and Paul S. Swedlund hereby file this response to plaintiffs' motion to strike [DOCKET 34].

1.  The schedule in this case is self-imposed.  Per local rule, the state's response to plaintiffs' motion for a preliminary injunction would not have been due until . . . today.  But, while it may have been advantageous for the state to file its response today instead of last week, that does not help the court much.  So, the state encouraged and agreed to a schedule that would provide this court with full briefing prior to the hearing.

2.  The CDA230 claim is a new claim that was not part of the New York proceedings.  The state worked in good faith to comply with its self-truncated deadline but found that it was not satisfied with the CDA230 investigation and research it was able to conduct to meet the June 16 deadline for filing its response.  So, the state continued its investigation and research and filed the supplemental response.

3. The supplemental response contains arguments and authorities that will assist the court in adjudicating the CDA230 issue.

4. The removal of Chatbot Charley does not render the supplemental response irrelevant. The authorities cited therein are as relevant to Mayday's website without Chatbot Charley as with. With or without Chatbot Charley, Mayday.Health is a content provider that provides non-neutral content. With or without Chatbot Charley, Mayday.Health advertises pill suppliers who will ship to "all 50 states." With or without Chatbot Charley, Mayday.Health brokers illegal abortion pill transactions with suppliers who will ship to "all 50 states."

5. Even without Chatbot Charley, Mayday.Health is still the virtual equivalent of the streetcorner pusher who takes a buyer to the house where his friend Aid Access supplies the drug. Even without Chatbot Charley, Mayday.Health is still the virtual equivalent of a brick-and-mortar pharmacy that advertises abortion pills in its windows then refers a customer to a third-party to consummate the sale. The foregoing scenarios/transactions would be unlawful if conducted face-to-face and, as described in the supplemental response, do not become "magically . . . lawful when [conducted] electronically online." *Fair Housing Council of San Fernando Valley v. Roommates.Com,* 521 F.3d 1157, 1164 (9th Cir. 2008).

6. Chatbot Charley is still relevant to this case notwithstanding Mayday's eleventh-hour removal of it from its website. It is the state's position that Mayday.Health (with or without Chatbot Charley) violates SDCL 22-17-5.3's advertising, dissemination and distribution provisions, SDCL 22-17-5.1's prohibition on procuring abortion in the state, and is solicitation and facilitation in violation of SDCL 22-4A-1 and SDCL 22-3-3. Chatbot Charley was, and remains, potent evidence of Mayday.Health's intent.

7. Chatbot Charley was here yesterday and gone today.  But it or some 2.0 version of it can (and no doubt will be) be back tomorrow.  Its removal looks more like a late-stage tactic to manipulate this litigation than a change in Mayday's mission.  As Mayday.Health reflects, even without Chatbot Charley its mission to broker sales of abortion drugs in "all 50 states" remains unchanged.

The state's supplemental response was filed in aid of this court's adjudication of the issues. It is short, to the point, and plaintiffs cite no prejudice they experience as a result of its filing.  The supplemental response's argument and authorities remain relevant.  This being a court hearing rather than a jury trial, exclusion of relevant argument and authorities does not aid in this court's adjudication of the issues.  Accordingly, the state requests that plaintiffs' motion to strike be denied.

Dated this 22nd day of June 2026.

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**

*Paul S. Swedlund*

Paul S. Swedlund
SOLICITOR GENERAL
Amanda J. Miiller
DEPUTY ATTORNEY GENERAL
Grant M. Flynn
Jacob R. Dempsey
ASSISTANT ATTORNEYS GENERAL
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone: 605-773-3215
paul.swedlund@state.sd.us

3