UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

MAYDAY HEALTH and NANCY TURBAK BERRY,  )
)
    Plaintiffs,  )
)
v.  )
)
LARRY R. RHODEN, Governor for the State of South Dakota, and MARTY J. JACKLEY, Attorney General for the State of South Dakota, in their official capacities,  )
)
)
)
)
)
)
)
    Defendants.  )
)

4:26-CV-04096-CCT

RESPONSE TO PLAINTIFFS' MOTION IN LIMINE

COMES NOW, Governor Larry Rhoden and Attorney General Marty Jackley, Defendants, by and through their undersigned counsel, Amanda Miiller, Deputy Attorney General, and provide the following response to Plaintiffs' Motion in Limine:

Initially, Plaintiffs seek to exclude the entire testimony of Dr. Patricia Giebink, M.D., as well as State's Exhibits DD, EE, and FF on the grounds of relevance and assistance to the trier of fact. This information is highly relevant to the State's theory of the case and will assist the Court in determining whether the State has a substantial interest in regulating Plaintiffs' speech.

First and foremost, the State's theory of the case is that Mayday Health's speech is not protected under the First Amendment because it is speech integral to criminal conduct. *See, e.g., United States v. Williams*, 553 U.S. 285 (2008); *Pittsburgh Press Co. v. Human Relations Comm'n*, 413 U.S. 376 (1973);

and *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490 (1949).  However, if this Court finds Mayday Health's speech does not fit within this category, the State asserts that Mayday Health's speech constitutes commercial speech.

To analyze the constitutionally of laws that may burden commercial speech, the Court looks to the following four-part test: (1) whether the commercial speech at issue concerns unlawful activity or is misleading; (2) whether the governmental interest is substantial; (3) whether the challenged regulation directly advances the government's asserted interest; and (4) whether the regulation is no more extensive than necessary to further the government's interest."  *1-800-411-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1055 (8th Cir. 2014) (quoting *Central Hudson Gas & Electric Corp. v. Public Service Commission of N.Y.*, 447 U.S. 557, 566, 100 S. Ct. 2343, 65 L. Ed. 2d 341 (1980)).

Dr. Giebink's testimony and exhibits published by the United States Food and Drug Administration regarding the risks associated with abortion pills are crucial aspects in developing the State's substantial interest in regulating Mayday Health's advertising.

Plaintiffs also seek to exclude Exhibits T, U, V, W, Y, and Z because it is content contained on third-party websites.   However, Plaintiffs make two assumptions 1) they are purely an internet service provider; and 2) they have not materially contributed to the content's unlawfulness.  The State disagrees with both of these assumptions.

Under Section 230 Section of the Communications Decency Act (47 U.S.C. § 230), an "Interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions."  47 U.S.C. § 230(f)(2). On the other hand, an "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  While the latter is protected under Section 230, the former is not.  47 U.S.C. § 230(c)(1).

To assess whether a defendant is an "information content provider" with respect to the content at issue, reviewing courts generally examine whether the defendant materially contributed to the content's alleged unlawfulness.  Under the material contribution exception, a website owner may be liable "if it contributes materially to the alleged illegality of the conduct."  *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 410 (6th Cir. 2014) (citing *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1167-68 (9th Cir. 2008)).  "A material contribution to the alleged illegality of the content does not mean merely taking action that is necessary to the display of allegedly illegal content.  Rather, it means being responsible for what makes the displayed content allegedly unlawful."  *Id.*

3

First, it's the State's position that Mayday Health, by placing advertisements in the State of South Dakota, is materially contributing to the illegality because it is acting as a middleman and actively soliciting where an abortion pill provider could not.  Second, Mayday Health materially contributes to the illegality by placing direct links on its website to third-party affiliates where consumers can order abortion pills that are illegal in South Dakota, thereby facilitating the sale.  Third, Mayday Health promotes the content of its third-party affiliates by guaranteeing that abortion pills are "safe," that Mayday Health only relies upon "[t]op clinicians, lawyers, and health experts[,]" by touting that its third-party affiliates "have the best content for a certain aspect of abortion care[,]" and by calling its third-party affiliates "trusted websites and partners."  And finally, Mayday Health materially contributes to the illegality of the third-party affiliates by providing step-by-step instructions on how to use mail-forwarding to obtain illegal abortion pills through its affiliate links.

Because Mayday Health is materially contributing to the illegality of its affiliate links, it is no longer afforded the protections provided by Section 230.

Dated this 22nd day of June 2026, Pierre, South Dakota.

 /s/ Amanda J. Miiller
Amanda J. Miiller
Deputy Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Email: Amanda.Miiller@state.sd.us

4

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Amanda Miiller*
By: Amanda Miiller
Deputy Attorney General