UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

MAYDAY HEALTH and NANCY          )
TURBAK BERRY,                    )                4:26-cv-04096-CCT
                                 )
            Plaintiffs,          )
                                 )
    vs.                          )
                                 )      BRIEF IN SUPORT DEFENDANTS'
GOVERNOR LARRY RHODEN and        )         MOTION TO STRIKE AND
ATTORNEY GENERAL MARTY           )           MOTION IN LIMINE
JACKLEY, sued in their official  )
capacities,                      )
                                 )
            Defendant.

COMES NOW, the above-named Defendants, Governor Larry Rhoden

(hereinafter "Governor" or "Defendant") and Attorney General Marty Jackley

(hereinafter "General" or "Defendant"), by and through their undersigned

counsel, Amanda Miiller, Deputy Attorney General, and hereby submits the

following Brief in Support of Motion to Strike and Motion in Limine.

## BACKGROUND

For purposes of this filing, Plaintiffs filed a Complaint for Preliminary

and Permanent Injunction and Declaratory relief challenging the

constitutionality of HB 1274 (2026).[1]  *See generally* Doc. 1.  HB 1274 prohibits,

among other activities, the advertisement of any item "for purposes of an

unlawful abortion."[2]  Plaintiffs challenge this provision of HB 1274 as a

---

[1] *See* An Act to Prohibit the Dispensing, Distribution, Sale, or Advertisement of Certain Articles
or Things for Purposes of an Unlawful Abortion and Provide a Criminal and Civil Penalty
Therefor., H.B. 1274, 2026 Sess. (S.D. 2026), Legislative History,
https://sdlegislature.gov/Session/Bill/26881 (last visited June 3, 2026).
[2] *See* fn 1 supra, § 2.

violation of their First Amendment rights to advertise abortion related matters. *See generally* Doc. 1 and Doc. 4. In support of their position, Plaintiffs offer facts that are irrelevant, prejudicial, and ultimately inadmissible. To ensure a proper record, Defendants seek to have certain evidence stricken from the record and barred from introduction at trial.

First, in their Complaint as well as their Motion for Preliminary Injunction, Plaintiffs refer to the individual floor testimony of Representative John Hughes during the Legislature's consideration of HB 1274. *See* Doc. 1, ¶ 30; Doc. 4, § 5; Doc. 5-16; Doc. 5-17; Doc. 5-18; and Doc. 5-19. Plaintiffs further include in their pleadings verbal findings of a New York District Court from an unrelated civil action. *See* Doc. 1, ¶ 26; Doc. 4, 16-18; Doc. 5-13.[3] For the reasons set forth below, Defendants oppose the inclusion within the record of any references to individual legislator testimony in the record in this matter or nonbinding holdings of the New York District Court.

### ARGUMENT

Plaintiffs present two categories of evidence that bear no relevance to the constitutional issues currently before the Court. Neither the opinion of Representative Hughes nor Judge Katherine Polk Failla has any impact on

---

[3] In the unrelated civil action, the South Dakota Attorney General's Office filed a request for an injunction in South Dakota state circuit court, seeking to prevent the posting of Plaintiff's placards at gas stations as a deceptive trade practice pursuant to SDCL § 37-24-6(1). *See* Doc. 1, ¶ 9-27; Doc. 4, 5-17 and 16-18. *See also* Hughes County Civil File # 25-339. After a New York federal district court declined to intercede in the state proceedings, citing *Younger* abstention (*Younger v. Harris*, 401 U.S. 37 (1971)) (*See Mayday v. Jackley*, 1:26-cv-00078-KPF), Mayday settled with the state and agreed to no longer post their placards in South Dakota.

whether HB 1274 violates Plaintiffs' rights under the First Amendment. As such, neither opinion should be considered by this Court. The intent of individual legislators is not relevant when considering the legislative intent of an enactment. And holdings of a judge relative to a case's merit hold no weight once that court has determined it lacks jurisdiction. As such, both categories of evidence should be stricken from the record in this matter and ignored by this Court.

    A. *The opinions of individual legislators are irrelevant to legislative intent.*

Plaintiffs have introduced evidence of legislative history and intent for a statute that they do not claim to be ambiguous which they cannot do. *See* Doc. 1, ¶ 30; Doc. 4, § 5; Doc. 5-16; Doc. 5-17; Doc. 5-18; and Doc. 5-19. This Court is empowered to "strike from a pleading... any redundant, *immaterial, impertinent,* or scandalous matter." Fed. R. Civ. P. 12(f). Any references to individual legislative testimony are immaterial and impertinent to this Court's analysis of HB 1274 because the statute is not ambiguous, nor do Plaintiffs claim that it is. *See generally* Doc. 1, Doc. 4. When considering an unambiguous statute, the Court need look no further than the plain language employed by the legislature. *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681. As such, legislative history serves no purpose here.

When interpreting a state statute or local ordinance, federal courts apply the state's rules of statutory construction. *Miller v. City of Excelsior, Minnesota*, 618 F. Supp. 3d 820, 831 (D. Minn. 2022) (citing *Behlmann v. Century Sur. Co.*, 794 F.3d 960, 963 (8th Cir. 2015)). In South Dakota, statutory construction

begins with two primary rules.  *Goetz,* 2001 S.D. 138 at ¶ 15.  First, the language used in the statute is the paramount consideration.  *Id.*  Second, "if the words and phrases in the statute have plain meaning and effect, [the Court] should simply declare their meaning and not resort to statutory construction." *Id.*

> The purpose of statutory construction is to discover the true intention of the law which is to be ascertained *primarily* from the language expressed in the statute. The intent of a statute is determined *from what the legislature said, rather than what the courts think it should have said,* and *the court must confine itself to the language used.*
>
> Words and phrases in a statute must be given their *plain meaning and effect.  When the language of a statute is clear, certain and unambiguous, there is no reason for construction,* and the Court's *only function is to declare the meaning* of the statute as clearly expressed.

*Id. (quoting US West v. PUC,* 505 N.W.2d 115, 123 (S.D.1993)); *see also Appeal of AT&T Information Systems,* 405 N.W.2d 24, 27 (S.D.1987) (internal citations omitted) (emphasis in original).  Further, statutes must be read as a whole, "as well as enactments relating to the same subject."  *Citibank, N.A. v. S. Dakota Dep't of Revenue,* 2015 S.D. 67, ¶ 12, 868 N.W.2d 381, 387 (quoting *Paul Nelson Farm v. S.D. Dep't of Revenue,* 2014 S.D. 31, ¶ 10, 847 N.W.2d 550, 554)).

Here, HB 1274 is "clear, certain, and unambiguous."  *Goetz,* 2001 S.D. 138 at ¶ 15.  Plaintiffs make no claim otherwise.  *See generally* Doc. 1, Doc. 4. As such, the only service required of this Court is to "declare the meaning of the statute as clearly expressed..." without the introduction of additional legislative history.  *Goetz,* 2001 S.D. 138 at ¶ 15.  Evidence of legislative history and legislative intent are unnecessary and unhelpful when considering an

4

unambiguous statute.

Moreover, even if the statute were ambiguous, testimony of individual legislators is not relevant to legislative history. The South Dakota Supreme Court established decades ago that testimony of individual legislators is of "no aid to the court in construing [a] statute..." *State ex rel. Coop. Wool Growers of S. Dakota v. Bushfield*, 69 S.D. 172, 176, 8 N.W.2d 1, 3 (1943). The Court dismissed the value of the testimony of individual legislators for two reasons. *Id.* First, "it is the intention of the legislature that is sought and not the intention of those who drafted the act." *Id.* Second, "it is universally held, so far as we can determine, that evidence of a member of the legislature or the draftsman of a statute, is not a competent aid to a court in construing a statute." *Id.* (citing 59 C.J. 604).

The United States Supreme Court has similarly looked with disfavor on the consideration of the testimony of individual legislators. *In Food Marketing Institute v. Argus Leader Media*, the Supreme Court opined that "we can all agree that 'excerpts from committee hearings' are 'among the least illuminating forms of legislative history.'" 588 U.S. 427, 437, 139 S. Ct. 2356, 2364, 204 L. Ed. 2d 742 (2019) (quoting *Advocate Health Care Network* v. *Stapleton*, 581 U. S. ——, ——, 137 S. Ct. 1652, 1661, 198 L.Ed.2d 96 (2017); *see also Kelly v. Robinson*, 479 U.S. 36, 51, n. 13, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) (declining to "accord any significance" to "comments in [legislative] hearings")).

Further, an otherwise constitutional statute will not be struck down on the basis of an alleged illicit legislative motive. *United States v. O'Brien,* 391

U.S. 367, 383 (1968).  "The decisions of this court from the beginning lend no support whatever to the assumption that the judiciary may restrain the exercise of lawful power on the assumption that a wrongful purpose or motive has caused the power to be exerted."  *Id.*  (quoting *McCray v. United States*, 195 U.S. 27, 56, 24 S. Ct. 769, 776, 49 L. Ed. 78 (1904)).  Plaintiffs ignore this fundamental constitutional principle as they attempt to interpret the legislative intent underlying HB 1274 by focusing on the statements of individual legislators.  Doc. 1, ¶ 30; Doc. 4, § 5; Doc. 5-16; Doc. 5-17; Doc. 5-18; and Doc. 5-19.  Legislative history has no bearing on an unambiguous statute just as individual legislative motives do not taint an otherwise valid statute.

In the present case, testimony of individual legislators provides even less value because there is no challenge to the clarity of the statute, alleviating any need to consider legislative history.  *Goetz*, 2001 S.D. 138 at ¶ 15.  Plaintiffs accuse HB 1274 of being overly broad, but they make no claim that HB 1274 is ambiguous.  *Compare* Doc. 4, § VI, *with* Doc. 1 and Doc. 4 *generally*.  A statute is ambiguous when it is "capable of being understood in two or more possible senses or ways."  *United States v. White Plume*, 447 F.3d 1067, 1074 (8th Cir. 2006) (quoting *Chickasaw Nation v. United States*, 534 U.S. 84, 90, 122 S. Ct. 528, 151 L. Ed. 2d 474 (2001)).  Plaintiffs do not contend that HB 1274 is susceptible to multiple interpretations, one or more of which offend their freedom of speech.  *See generally* Doc. 1, Doc. 4.  Rather, they claim that the advertising restriction in the legislation is unconstitutional both as it is applied to their behavior as well as on its face.  *Id.*  The parties do not dispute the

implementation of the statute, only the South Dakota Legislature's constitutional authority to enact it. Because HB 1274 is not ambiguous, this Court need not consider the legislative history behind the Act, making any individual legislative testimony irrelevant. As such, any reference to the testimony of individual legislators is immaterial, impertinent, and proper for a motion to strike under Rule 12(f). *See* Doc. 1, ¶ 30; Doc. 4, § 5; Doc. 5-16; Doc. 5-17; Doc. 5-18; and Doc. 5-19.

Individual legislative testimony is further inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403. To be relevant, evidence must meet two criteria. *See* Fed. R. Evid 401. First, the evidence must have some "tendency to make a fact more or less probable than it would be without the evidence…" *Id.* Additionally, the fact being proffered by the evidence must be "of consequence in determine the action." *Id.* Pursuant to Rule 402, "irrelevant evidence is not admissible." As shown, legislative history is not relevant for interpreting an unambiguous statute. *Goetz*, 2001 S.D. 138 at ¶ 15. Because legislative testimony provides no assistance in interpreting an unambiguous statute, such evidence has no bearing on any fact of consequence. *Id.* Moreover, even if HB 1274 were ambiguous, testimony of individual legislators does not aid the Court's interpretation of legislative history. *Bushfield*, 69 S.D. at 176.

Finally, this Court may exclude even relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Because an individual legislator's testimony provides no probative value to historical analysis of a statute, such evidence will be excessively prejudicial. In addition, such evidence will waste time, confuse the issues, and unnecessarily muddle the record, introducing evidence that provides no benefit to the Court. *Bushfield*, 69 S.D. at 176.

    B. *Judge Polk Failla's findings as to the merits of Plaintiffs' claims are a nullity.*

In several instances, Plaintiffs quote statements of United States District Court for the Southern District of New York, Hon. Judge Katherine Polk Failla, in support of their alleged First Amendment infringement. Doc. 1, ¶ 26; Doc. 4, 16-18; Doc. 5-13. These references are likewise immaterial and impertinent to this Court's analysis of HB 1274. Fed. R. Civ. P. 12(f). Primarily, Plaintiffs focus on the Court's claims, absent a full evidentiary hearing on the merits of those claims, that Plaintiff Mayday Health's website constitutes "noncommercial speech." *Id.* Plaintiffs urge this Court to adopt the same conclusion. *Id.* But the Court cannot place any weight on these statements as they constitute mere legal nullities. *State of Iowa ex rel. Turner v. First of Omaha Serv. Corp. of Omaha, Neb.*, 401 F. Supp. 439, 443 (S.D. Iowa 1975) (quoting *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S. Ct. 15, 86 L. Ed. 47 (1941)) (recognizing that any merit-based ruling made by a Court lacking jurisdiction is a nullity.)

When the New York District Court considered Plaintiff Mayday's attempt to block South Dakota's enforcement authority, the Court ultimately

8

determined that it lacked jurisdiction to consider the injunction request based on *Younger* abstention.  Doc. 5-13, 2.  *See also Younger v. Harris*, 401 U.S. 37 (1971) (holding that a federal court should abstain from granting injunctive relief that would interfere with state court proceedings.)  "[W]ithout jurisdiction, the Court cannot proceed at all in any cause."  *RFMS, Inc. v. United States*, 736 F. Supp. 2d 1222, 1226 (S.D. Iowa 2010).  Because "[j]urisdiction is power to declare the law[…] when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Id.* (quoting *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)).  "[A] court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act ultra vires.'"  *Brownback v. King*, 592 U.S. 209, 218, 141 S. Ct. 740, 749, 209 L. Ed. 2d 33 (2021) (quoting *Steel Co.*, 523 U.S., at 101–102, 118 S. Ct. 1003.) "Indeed, any ruling [that court] would make on the merits would be a nullity." *State of Iowa ex rel. Turner*, 401 F. Supp. at 443–44  (quoting *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S. Ct. 15, 86 L. Ed. 47 (1941)).  Where a court lacks jurisdiction, any determinations made on the merits of the action may "not be permitted to stand."  *Kansas-Nebraska Nat. Gas Co. v. City of St. Edward, Neb.*, 234 F.2d 436, 441 (8th Cir. 1956).

Any weight that Plaintiffs place on the statements of Judge Polk Failla is entirely misplaced.  As the Court found, it lacked jurisdiction to consider the action based on *Younger* abstention.  Doc. 5-13, 2.  Upon this realization, the Court lost all "power to declare the law."  *RFMS, Inc.*, 736 F. Supp. 2d at 1226.

As such, any conclusions that the Court draws regarding the merits of the claims at issue were void as nullities. *State of Iowa ex rel. Turner*, 401 F. Supp. at 443–44. If challenged, none of the Court's conclusions, beyond the jurisdictional determination, would "be permitted to stand." *Kansas-Nebraska Nat. Gas Co.*, 234 F.2d at 441. As such, any conclusions drawn by the New York District Court have no bearing on the present proceeding and should be properly disregarded by this Court.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant Defendant's Motion to Strike and Motion in Limine, striking from the record all references to any individual legislator's testimony and any conclusions drawn by the District Court of New York.

Dated this 22nd day of June, 2026.

> */s/ Amanda Miiller*
> Amanda Miiller
> Deputy Attorney General
> 1302 E. Highway 14, Suite #1
> Pierre, South Dakota 57501
> Telephone: (605) 773-3215
> Email: amanda.miiller@state.sd.us

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Amanda Miiller_____
By: Amanda Miiller
Deputy Attorney General

11