UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Mayday Health and Nancy Turbak Berry, | ) ) ) | |
| Plaintiffs, | ) ) | No. 4:26-cv-04096-CCT |
| v. | ) ) | |
| Governor Larry Rhoden and Attorney General Marty Jackley, sued in their official capacities, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**<u>Plaintiffs' Opposition to State's Motion for Spoliation Remedy</u>**

## Table of Contents

I.     Statement of facts                                                        3

II.    Response to State's asserted facts                                        4

III.   The State's motion should be denied                                       5

       A.    Mayday did not commit spoliation                                    5

       B.    Because this Court must decide whether to grant a preliminary       7
             injunction based on present facts, not past facts, Mayday's
             removal of the chatbot is irrelevant

       C.    The State has not been prejudiced by Mayday deleting the            8
             chatbot

IV.    Conclusion                                                               8

## I.    Statement of facts

The relevant facts are undisputed.  The State had the unfettered opportunity to view and copy Mayday's website before the chatbot was removed, as well as after it was removed.  And it did so.  On June 16, 2026, the State filed investigator Kayla Klemann's ten-page Affidavit recounting her exploration of Mayday's website, with dozens of pages of exhibits printed from it. Doc. 16-1.  On June 18, the State filed its Exhibit List, including eighteen exhibits from Mayday's website (Exhibits D through S, AA, and BB), of which twelve (Exhibits F through Q) included the chatbot.  Doc. 26.

Three days after the State filed its Exhibit List, and just two days before the trial, Mayday advised the State that it "has decided to remove Chatbot Charley from its website."  The next morning, Mayday advised the State that "Chatbot Charley was removed from Mayday's website last night. [¶] You are welcome to verify this by going to the website."  Declaration of James D. Leach, Doc. 35, and attached Doc. 35-1.  Leo Raisner testified that the chatbot was removed because it was not consistent with Mayday's purpose.  Raisner responded to the State's assertion that the chatbot "or some 2.0 version of it can (and no doubt will be) . . . back tomorrow."

Doc. 38 at 3.  He looked directly at the Court and testified that a chatbot would not return to Mayday's website.  There is no evidence to the contrary.

## II.   Response to State's asserted facts

The State asserts that Mayday removed the chatbot because it wanted to prevent the State from using it at trial. Doc. 48 at 2.  But removing it could not have done so, because the State had plenty of evidence of it, including investigator Klemann's Affidavit and the twelve attached Exhibits that the State gathered and included on its Exhibit List.  All of them were admitted into evidence at the hearing. Mayday had been served with investigator Klemann's Affidavit and the State's proposed Exhibits, so Mayday was well aware that the State had this evidence and intended to use it at trial.  The State says that removing the chatbot prevented it from photographing it the day before the hearing.  Doc. 48 at 1-2.  But the State had many opportunities before then to photograph it, and did so, and any additional photographs taken the day before hearing would have been untimely and therefore inadmissible.

According to the State, the chatbot was removed "for the openly admitted purpose of making the evidence unavailable to the state."  Doc. 48 at 3.  The State asserts that "Mayday admitted in open court" that the purpose of removing the

chatbot was "to deprive [the State] of the information's use in the litigation." Doc. 48 at 4. The State appears to have misheard Mr. Raisner's testimony as to why the chatbot was removed. Removing it did not and could not have made it unavailable to the State, because the State already had the evidence detailed above. The State does not allege that Mayday acted in bad faith, nor does it ask the Court to find that Mayday acted with bad "intent or consciousness [of] guilt." Doc. 48 at 4.

### III.   The State's motion should be denied

#### A.   Mayday did not commit spoliation

"A spoliation-of-evidence sanction requires 'a finding of intentional destruction indicating a desire to suppress the truth.'" *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007), quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004). For two independent reasons, Mayday did not commit spoliation. First, the State's Exhibit List was due June 18. Doc. 13 at 1 ¶ 4. The State filed it on June 18. Doc. 26. Mayday did not remove the chatbot until June 21. All documents on the State's Exhibit List that the State offered into evidence were admitted. The change to Mayday's website that the State argues was improper was irrelevant to the State's case.

Second, Mayday did not act to suppress the truth. According to Raisner's testimony, Mayday acted because the chatbot was not consistent with Mayday's purpose. Mayday immediately notified the State that it had decided to remove the chatbot, then notified the State when it had done so. Doc. 35-1. The State's theory would prohibit a litigant from changing its website once litigation has begun, even though the opposing party has already gathered and preserved the relevant evidence from it. The spoliation doctrine imposes no such prohibition.

A spoliation issue arises when one party destroys evidence, thereby making the evidence unavailable to the other party, and drawing the non-preserving party's intent into question. *Jones v. Hirschbach Motor Lines, Inc.*, 2022 U.S. Dist. Lexis 171549, 2022 WL 4354856 (D.S.D.) (defendant destroyed investigative phone records after plaintiff asked the company to preserve them). Here, the State had already observed the chatbot, photographed it, described it in Klemann's affidavit, printed it, and listed twelve exhibits including it. Anything the State did not list as an exhibit was evidently deemed insignificant by the State. So Mayday did not destroy relevant evidence.

B.      **Because this Court must decide whether to grant a preliminary injunction based on present facts, not past facts, Mayday's removal of the chatbot is irrelevant**

The Court recognized during the hearing that whether to issue a preliminary injunction must be decided based on present facts, not past facts.  The Court was correct.  *Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019) ("An injunction is inherently prospective and cannot redress past injuries.")  The question is whether Mayday has a "present right" to an injunction.  *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937).  Because the Court's ruling will be based on present facts, matters formerly on Mayday's website are not relevant to whether a preliminary injunction should be issued.

The State argues that "the intent behind Mayday's advertising is central to this case," and that the chatbot "is explicit evidence of Mayday's intent."  Doc. 48 at 2.  But what matters is Mayday's conduct, not its previous intent.  Lawful speech is lawful, despite allegedly hidden motivation.  "Criminal liability is normally based upon the concurrence of two factors, 'an evil-meaning mind [and] an evil-doing hand. . . .'"  *United States v. Bailey*, 444 U.S. 394, 402 (1980), quoting *Morissette v. United States*, 342 U.S. 246, 251 (1952).  Whether Mayday is entitled to an injunction must be based on its present conduct, not its alleged past intent.

7

**C.      The State has not been prejudiced by Mayday deleting the chatbot**

A finding of spoliation requires prejudice. *Jones v. Hirschbach Motor Lines, Inc.*,

2022 U.S. Dist. Lexis 171549 *9, 2022 WL 4354856 (D.S.D.), citing Fed. R. Civ. P.

37(e)(1).   The State introduced at the hearing all twelve chatbot exhibits it had

noticed on its Exhibit List.  Doc. 44 at 2-3 (Exhibits F through Q).  It was not entitled

to introduce evidence it did not notice. So the State was not prejudiced by Mayday's

deletion of the chatbot, and spoliation has not occurred.

**IV.    Conclusion**

The State's Motion for Spoliation Remedy should be denied because the State

has shown neither spoliation, relevance, nor prejudice.

Dated: July 3, 2026                 Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiffs

Certificate of Service

I certify that on July 3, 2026, I filed this document by CM/ECF, thereby causing
automatic electronic service to be made on all other parties.

/s/ James D. Leach
James D. Leach

8