UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


Mayday Health and Nancy Turbak   )
Berry,                           )
                                 )
        Plaintiffs,              )              No. 4:26-cv-04096-CCT
                                 )
v.                               )
                                 )
Governor Larry Rhoden and        )
Attorney General Marty Jackley,  )
sued in their official capacities,)
                                 )
        Defendants.              )
_____ )


**Memorandum in Support of
Motion to Set Deadline to File
Motion for Attorney Fees and Costs**

*Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 853 (8th Cir. 2021), held that "the entry

of an order granting a preliminary injunction constitutes an 'entry of judgment'

triggering the fourteen-day deadline to move for attorney's fees under Federal Rule

of Civil Procedure 54." (*Spirit Lake Tribe* refers to the fourteen-day deadline

established by Fed. R. Civ. P. 54(d)(2)(B)(i); D.S.D. Civ. LR 54.1A. extends the

deadline in this district to 28 days.) Under *Spirit Lake Tribe* and D.S.D. Civ. LR

54.1A, plaintiffs' motion for attorney fees and costs would be due by August 14.

When *Spirit Lake Tribe* was decided, a preliminary injunction could support an award of attorney fees. *Rogers Group, Inc. v. City of Fayetteville,* 683 F.3d 903 (8th Cir. 2012). But *Lackey v. Stinnie*, 604 U.S. 192 (2025), changed the law in this and every circuit by holding that a preliminary injunction never can support an award of fees. Because of *Lackey v. Stinnie*, plaintiffs are not currently entitled to attorney fees, because so far all they have achieved is a preliminary injunction.

Did *Lackey v. Stinnie* abrogate *Spirit Lake Tribe*, or does *Spirit Lake Tribe* remain the law of this circuit? No one knows. Plaintiffs have not found any authority on that subject. Plaintiffs do not want to gamble their potential future award of attorney fees and costs—assuming they eventually obtain a permanent injunction—to find out the answer.

One thing is certain: attorney fee and cost proceedings now would waste the parties' and the Court's time and energy. Such proceedings would require everyone to engage in "a 'flurry of meaningless make-work motion practice.'" *Spirit Lake Tribe*, *supra*, 5 F.4th at 854. If plaintiffs do *not* eventually receive a permanent injunction, everyone would have wasted their time and effort on proceedings that ultimately proved unnecessary. If plaintiffs *do* eventually receive a permanent injunction, everyone would have to go through the same drill again, filing a second

set of motion papers covering the period between now and when the permanent injunction is issued. Either way, requiring a motion for attorney fees and costs to be filed now would waste everyone's resources and energy, thereby violating Fed. R. Civ. P. 1's command that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

It makes sense for the parties and Court to avoid "meaningless make-work motion practice," and to address attorney fee and costs issues if and when plaintiffs become entitled to them, not now. Fortunately, Rule 54(d)(2)(B)(i) gives the Court the tool it needs to accomplish this result, stating that a court order may "provide" another deadline to file the motion. *Spirit Lake Tribe, supra*, 5 F.4th at 853 (motion for attorney fees and costs "must be filed no later than 14 days after the entry of judgment, *unless* a statute *or a court order* provides otherwise") (emphasis added, internal quotation omitted). Accordingly, plaintiffs ask the court to exercise its authority under Fed. R. Civ. P. 54(d)(2)(B) to set the deadline for their motion for attorney fees and costs as 28 days after the court enters a judgment deciding whether they are entitled to a permanent injunction.

Dated: July 28, 2026          Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
Tel: (605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiffs

Certificate of Service

I certify that on July 28, 2026, I filed this document by CM/ECF, thereby causing automatic electronic service to be made on all other parties.

/s/ James D. Leach
James D. Leach

4