UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MAYDAY HEALTH, AND NANCY TURBAK BERRY,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNOR LARRY RHODEN, IN HIS OFFICIAL CAPACITY; AND ATTORNEY GENERAL MARTY JACKLEY, IN HIS OFFICIAL CAPACITY,<br><br>Defendants. | 4:26-CV-04096-CCT<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL** |

On July 17, 2026, the Court entered an order preliminarily enjoining the Defendants from enforcing SDCL § 22-17-5.3 against the Plaintiffs. Docket 51. The Defendants appealed, and the appeal is pending before the Eighth Circuit Court of Appeals. Docket 54. The Defendants now move this Court for an order staying the preliminary injunction pending the appeal, Docket 55, and the Plaintiffs oppose the motion, Docket 60.

Under Federal Rule of Civil Procedure 62(d), "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). This rule "codifies the inherent power of courts to make whatever order is deemed

necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." *Dakotans for Health v. Noem*, 4:21-CV-4045-LLP, 2021 WL 3619735, at *1 (D.S.D. Aug. 16, 2021) (quoting *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1033 (N.D. Iowa 2004)).

The Court analyzes four factors in determining whether to issue a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The most important factor is likelihood of success on the merits, although a showing of irreparable injury without a stay is also required." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (citation omitted). Also, the court "must consider the relative strength of the four factors, 'balancing them all.'" *Brady*, 640 F.3d at 789 (quoting *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994)).

Importantly, "[a] stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant[.]'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citations omitted). Further, "[t]he party requesting a stay bears the burden of showing that the circumstances justify the exercise of that discretion." *Id.* at 433-34 (citation omitted).

Prior to entering the preliminary injunction order, this Court thoroughly considered the evidence and the parties' arguments advanced in writing and at the evidentiary hearing. Based on the evidence and arguments, the Court concluded that the Plaintiffs made a clear showing at this stage of the litigation that all four factors weighed in favor of issuing a preliminary injunction enjoining the Defendants from enforcing SDCL § 22-17-5.3 against them. *See generally* Docket 51.

In so concluding, the Court found that the Plaintiffs are likely to succeed on the merits of their claim that SDCL § 22-17-5.3 is unconstitutional as applied to them. To that end, the Court determined that the Defendants did not show at this preliminary stage that the Plaintiffs' speech itself is criminal conduct or that the speech is integral to criminal conduct. In doing so, the Court considered the Defendants' evidence that the information on Mayday's website is misleading. The Court also determined that the Defendants' evidence at the hearing did not establish under all governing factors that the Plaintiffs' speech is commercial.

Notably, by concluding that the Plaintiffs are likely to succeed on the merits of their claim that SDCL § 22-17-5.3 is unconstitutional as applied to them, the Court necessarily found that the Defendants' position—that the Plaintiffs' speech is not protected by the First Amendment—is unlikely to succeed on the merits. In regard to the remaining factor, the Court finds that the Plaintiffs, not the Defendants, would be irreparably harmed by staying the preliminary injunction pending appeal. As the Supreme Court explained, "[t]he

loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020). Finally, the public interest and the balance of harm to the parties also weigh against staying the preliminary injunction. *See Schmitt v. Rebertus*, 148 F.4th 958, 970 (8th Cir. 2025) (explaining that "it is always in the public interest to protect constitutional rights" and, further, "the balance of the equities generally favors the constitutionally-protected freedom of expression" (citation omitted).

Accordingly, it is

ORDERED that the Defendants' motion for stay of preliminary injunction pending appeal, Docket 55, is denied.

Dated September 1, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE